IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY M.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 25 C 2353 |
| v. ) | |
| ) | Magistrate Judge |
| FRANK BISIGNANO, ) | Daniel P. McLaughlin |
| Commissioner of Social Security,[2] ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Jeffrey M.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to remand [13] is granted, and the Commissioner's motion for summary judgment [18] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Frank Bisignano has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On October 8, 2021, Plaintiff filed a claim for DIB, alleging disability since March 26, 2020. The claim was denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on November 8, 2023, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On January 2, 2024, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of March 26, 2020. At step two, the ALJ concluded that Plaintiff had a severe impairment of degenerative disc disease of the lumbar spine. The ALJ concluded at step three that Plaintiff's

2

impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ found that Plaintiff retained the following residual functional capacity ("RFC"): can lift and/or carry up to 10 pounds occasionally and lighter weights frequently; can stand and/or walk for a total of two out of eight hours; can sit for six out of eight hours; can occasionally operate foot controls; can occasionally climb ramps and stairs, and can occasionally stoop, kneel, balance, crouch, and crawl, but can never climb ladders, ropes, or scaffolds; must be allowed to use a cane at all times when walking for longer than five minutes; is limited to working in non-hazardous environments, *i.e.*, no driving at work, operating moving machinery, working at unprotected heights, and should avoid concentrated exposure to unguarded hazardous machinery. At step four, the ALJ determined that Plaintiff is capable of performing his past relevant work in inside sales. Accordingly, the ALJ concluded that Plaintiff is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff

3

presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even

in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision

must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ failed to properly evaluate Plaintiff's allegations of pain and dysfunction; (2) the ALJ failed to properly evaluate the treating medical source opinion of Charles Kalenowski, D.O.; and (3) the ALJ failed to properly evaluate Plaintiff's need for a wheelchair.

In advancing his second argument, Plaintiff contends that the ALJ did not properly assess the opinions of Dr. Kalenowski, his treating physician. Under the applicable regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). An ALJ is instead required to articulate "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). Factors to be considered in this evaluation include supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(a), (c). Supportability and consistency are the two most important factors. 20 C.F.R. § 404.1520c(a). An ALJ's decision must explain

6

how she considered the factors of supportability and consistency, but she is not required to explain how she evaluated the other factors. 20 C.F.R. § 404.1520c(b)(2).

In this case, the ALJ noted Dr. Kalenowski's opinions, including his opinions concerning Plaintiff's limitations with sitting, standing, walking, and lifting. (R. 28.) The ALJ found Dr. Kalenowski's opinions unpersuasive, generally reasoning that Dr. Kalenowski was not a specialist and his opinions were not supported by citations to treatment records and objective findings. (*Id.* at 29.) Plaintiff argues that the ALJ's assessment of Dr. Kalenowski's opinions is deficient because the ALJ did not offer any analysis of the consistency factor. The Court agrees.

"[W]hile a detailed analysis is not required, the ALJ must consider the regulatory factors and explain why a medical opinion is not supported or is not consistent with the record to give a reviewing court the bridge to connect the outcome to the record." *Evonne R. v. Kijakazi*, No. 20 CV 7652, 2022 WL 874650, at *5 (N.D. Ill. Mar. 24, 2022) (citations omitted). As to the consistency factor, the regulations provide that an ALJ is required to consider and explain how "consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 404.1520c(c)(2). The ALJ did not do that in this case. As such, the ALJ erred because he did not explicitly analyze whether Dr. Kalenowski's sitting, standing, walking, and lifting restrictions (as separate from Plaintiff's wheelchair prescription, discussed further below) were consistent or inconsistent with other medical and nonmedical evidence in the record. *Steven H. v. Kijakazi*, No. 20-CV-

7

50181, 2022 WL 972328, at *5 (N.D. Ill. Mar. 31, 2022) ("[T]he ALJ never sufficiently addressed the key issues of consistency and supportability in addressing the medical opinions."); *Jomarie S. v. Kijakazi*, No. 20-CV-7029, 2022 WL 2105916, at *4 (N.D. Ill. June 10, 2022) ("The categorical statements made by the ALJ are not supported [by] the record in this case, and a more nuanced discussion regarding the supportability and consistency of the treating psychiatrist's opinion is necessary."); *Judith W. v. Kijakazi*, No. 21-CV-3254, 2023 WL 349843, at *3 (N.D. Ill. Jan. 20, 2023) ("The ALJ did not adequately explain how she considered the supportability and consistency factors for Dr. Mather's opinions in her determination. . . . In any subsequent opinion, the ALJ shall cite which evidence in the record the ALJ relied on to find that Dr. Mather's opinions were not supportable or consistent with the record."). The ALJ's failure to address the consistency factor requires that this matter be remanded. *See Patrice W. v. Kijakazi*, No. 20 C 02847, 2022 WL 2463557, at *4 (N.D. Ill. July 6, 2022) ("[The regulations] required the ALJ to explain *how* Dr. Dolan's opinion was inconsistent with and/or unsupported by the record, but the ALJ provided only a rote conclusion with respect to the supportability and consistency of Dr. Dolan's opinions with the broader record. This alone warrants remand.").

Defendant contends that the lack of an explicit consistency analysis can be forgiven because, in the decision's preceding paragraph, "the ALJ generally credited Dr. Aquino's findings, which were plainly inconsistent with Dr. Kalenowski's opinion." ([18] at 5.) However, Defendant offers no legal authority standing for the

8

proposition that an ALJ's separate discussion of one medical opinion can serve as a consistency analysis for a different medical opinion. Moreover, and in any event, the Court finds that Defendant's argument amounts to an unavailing *post hoc* rationalization.

In advancing his third argument, Plaintiff contends that the ALJ impermissibly "played doctor" when he determined that Plaintiff did not need a wheelchair despite Dr. Kalenowski's prescription for one. Along those lines, Plaintiff asserts that "the ALJ improperly substituted his own lay opinion for that of Dr. Kalenowski's medical opinion." ([13] at 13.) Pertinent to Plaintiff's argument, the ALJ acknowledged that Plaintiff's "PCP noted that the claimant would benefit from a wheelchair to perform ADLs, and provided a prescription for [a] wheelchair." (R. 26-27). The ALJ later stated as follows:

> Although [Dr. Kalenowski's] records document that the claimant was prescribed a wheelchair in March 2023, this was at the claimant's request and based on the claimant's subjective allegations, which were not consistent with objective findings at that visit, showing normal gait, no limp and ambulation without an assistive device, and no other physical findings to warrant such prescription. I acknowledge that Dr. Kalenowski's exam of the claimant on October 16, 2023 the date of his opinion, showed findings of antalgic gait, 4/5 hip strength, absent knee reflexes and positive straight leg raise. However such findings appear insufficient to warrant ongoing need for a wheelchair.

(*Id.* at 29 (citations omitted).)

The Court agrees with Plaintiff that the ALJ improperly relied on his own lay judgment and did not provide proper medical grounding for his determination that Plaintiff did not need to use a wheelchair. Put differently, the ALJ erred in that he did not support his rejection of Plaintiff's need for a wheelchair with any supporting

9

medical opinion. *See Potega v. Berryhill*, No. 16 CV 50110, 2017 WL 2461549, at *1 (N.D. Ill. June 7, 2017) ("[T]he ALJ concluded that plaintiff's wheelchair/walker allegation was fabricated. As explained below, the Court finds that the ALJ's decision rests on ambiguous or non-fully-developed evidentiary foundations and also lacks a supporting medical opinion."). Under the circumstances, the ALJ was improperly "playing doctor." *See Alvin S. v. Kijakazi*, No. 21-CV-3781, 2023 WL 2499860, at *4 (N.D. Ill. Mar. 14, 2023) ("Because she relied on her own independent reasoning, the ALJ impermissibly 'played doctor' when assessing Claimant's mental RFC and the case must be remanded for further consideration."). The ALJ's improper rejection of Plaintiff's wheelchair use warrants remand because the VE testified that there would be no full-time competitive employment for an individual who needed a wheelchair to stand and walk. (R. 80.) *See Lauren S. v. Saul*, No. 19-CV-00366, 2020 WL 4437850, at *10 (N.D. Ill. Aug. 3, 2020) ("The VE testified that if Claimant was in a wheelchair, there would be no work available. In the face of the above evidence, the ALJ's failure to explain how her finding that Claimant only needs a cane to ambulate is supported by specific medical evidence was an error.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that

Plaintiff's alleged symptoms are properly assessed, all medical opinions of record are properly assessed, and Plaintiff's need for assistive devices is properly evaluated.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand [13] is granted, and the Commissioner's motion for summary judgment [18] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

**DATE:** **December 3, 2025**

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**

11